IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| VINCENT F. PISCIOTTA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-01030-DGK |
| | ) | (Crim. No. 4:10-cr-0174-02-DGK) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION FOR POSTCONVICTION RELIEF**

This case arises from Movant Vincent F. Pisciotta's participation in a conspiracy to commit arson. Now before the Court is Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Doc. 1). Because Movant's claims are meritless, the Court DENIES the motion. The Court also declines to issue a certificate of appealability.

**Background and Procedural History**

On June 7, 2011, a federal grand jury returned a four-count superseding indictment charging Movant and two others with: conspiracy to commit arson, in violation of 18 U.S.C. § 371 and § 844(i) (Count One); arson, in violation of 18 U.S.C. § 844(i) (Count Two); mail fraud, in violation of 18 U.S.C. § 1341 (Count Three); and use of fire to commit a federal felony offense, in violation of 18 U.S.C. § 844(h) (Count Four).

On October 31, 2012, after a six-day trial, the jury found Movant guilty on Counts One, Two, and Four, and acquitted him on Count Three.

On September 9, 2013, the Court sentenced Movant to 60 months' imprisonment on Count One; 120 months' imprisonment on Count Two, to be served concurrently; and 120

months' imprisonment on Court Four, to be served consecutively, for a total 240-month term of imprisonment. The Court also ordered a three-year term of supervised release and restitution of $1,440,219.73.

Movant appealed, unsuccessfully. *United States v. Anderson*, 783 F.3d 727 (8th Cir. 2015), cert. denied sub nom., *Pisciotta v. United States*, 136 S. Ct. 199 (2015). Movant acting *pro se* timely filed the pending § 2255 motion. The Court set an evidentiary hearing in this matter and appointed counsel to represent Movant. The Court held an evidentiary hearing at which Movant appeared and testified via video-conferencing from FCI Bastrop.

**Standard of Review**

In a proceeding brought under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

**Discussion**

In the four grounds of relief in his motion, Movant raises five claims of ineffective assistance of counsel.[1] He asserts trial counsel was ineffective for failing to: (1) raise an alibi defense, (2) move for severance based on misjoinder, (3) challenge the allegedly defective indictment, and (4) have him to testify in his own defense. He contends sentencing and appellate counsel was ineffective for (5) failing to make various objections at sentencing, and then failing to challenge the Court's decision to depart upward from guidelines at sentencing. These claims are all without merit.

---

[1] Some of the claims outlined in the Motion (Doc. 1) are vague or difficult to understand, but are clarified in the Memorandum of Law (Doc. 2). For example, Movant's second ground alleges counsel was "incompetent of the relevant procedures and laws rendering his assistance below the prevailing norms of practice," and his conduct "undermined proper adversarial process as to make the trial unreliable." Mot. at 6. The Memorandum of Law focuses Movant's complaint on a claim that counsel failed to challenge a defective indictment. Mem. of Law at 5.

2

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Failure to satisfy either prong is fatal, and the court need not reach the prejudice prong if the defendant cannot show his attorney's performance was deficient. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). Trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Strategic choices made in the shadow of a lack of preparation or investigation, however, are not protected by the same presumption. *Armstrong*, 534 F.3d at 864.

**I.  Movant has failed to prove his attorney was constitutionally ineffective.**

    **A.  Trial counsel was not ineffective for failing to pursue an alibi defense.**

Movant complains that his attorney was ineffective for failing to investigate an alibi defense, file a notice of alibi defense, or call an alibi witness to testify on his behalf at trial.

This claim was explored at some length during the evidentiary hearing. The Court finds that contrary to the Movant's claim, trial counsel discussed an alibi claim with Movant, thoroughly investigated such a claim, and then made a sound strategic decision not to pursue it. The Court finds trial counsel met with Movant several times prior to trial and discussed a

possible alibi defense. Trial counsel had his investigator interview the one potential alibi witness Movant identified at the time, Joe Scola. The investigator took fairly detailed notes of this interview, wrote a report to trial counsel, and then trial counsel met with his investigator and discussed Mr. Scola's potential testimony and the viability of an alibi defense. Trial counsel then made the appropriate ethical and strategic decision that there was no basis on which to pursue an alibi defense.

Movant's claim that he was fishing with Mr. Scola the night of the arson is not credible. Neither Movant nor Mr. Scola's testimony on this point was credible. Movant's claim is self-serving and not corroborated by any reliable evidence. Indeed, Movant failed to produce at the hearing some of the evidence he cited in his memorandum of law as the basis for holding a hearing. Attached to Movant's memorandum of law was short statement from Delores McKown, who claims she saw Movant at a local QuikTrip at the time the arson was occurring. But Ms. McKown did not testify at the hearing, nor is there any explanation why she did not. This leads the Court to suspect that she was not called because her statement would not stand up to cross-examination in open court.

Mr. Scola's testimony is also not believable because it contradicted an earlier statement on a key point. He testified that during the fall of 2008, he went fishing with Movant virtually every Sunday night at "the Little Platte Marina" on Smithville Lake. This is inconsistent with his statement to trial counsel's investigator in October 2012 that he and Movant fished at a place called "Camp Branch," which does not appear to be the same place as the "Little Platte Marina."

Tthe Court finds trial counsel made a reasonable investigation of Movant's proposed alibi defense, and then he made a sound strategic decision that it would not stand up to scrutiny at

4

trial. Hence, he was not ineffective for failing to file a notice of alibi defense or call alibi witnesses. *See Strickland*, 466 U.S. at 690.

### B. Trial counsel was not ineffective for failing to move for severance.

Movant also claims trial counsel was ineffective for failing to file a motion for severance. He alleges Jenifer Sorrentino's testimony created prejudicial joinder.

As a threshold matter, this claim is not cognizable in a § 2255 motion because it was raised and denied on direct appeal. *Anderson*, 783 F.3d at 752; *see Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (holding a district court may not revisit an issue addressed on direct appeal in a § 2255 motion absent an intervening change in controlling authority).

Even if the Court could consider this claim, the Court would deny it. Movant's co-defendant Rodney Anderson filed such a motion, and the Court denied it. If trial counsel had filed a similar motion, the Court would have denied it too. Thus, trial counsel was not ineffective. *See White v. Helling*, 194 F.3d 937, 942 (8th Cir. 1999) (holding failing to file a motion that would not be granted is not ineffective assistance of counsel).

### C. Trial counsel was not ineffective for failing to challenge the indictment.

Movant's claim that trial counsel was ineffective for not moving to dismiss the indictment on the grounds that it was "duplicitous" or "multiplicitous" is similarly unavailing. Movant presented this claim on direct appeal, and the Eighth Circuit rejected it. *Anderson*, 783 F.3d at 737-43. Thus, it is not cognizable in a § 2255 motion. *See Sun Bear*, 644 F.3d at 702.

### D. Trial counsel did not deny Movant his right to testify.

Movant also contends trial counsel did something at a sidebar—it is unclear what—to deny Movant his constitutional right to testify. Mem. of Law at 9. The record clearly demonstrates, however, that Movant's decision not to testify at trial was entirely his own.

During day five of the trial, the Court asked Movant about his decision not to testify, and the following exchange took place:

> THE COURT: And do you understand, sir, that you have a right to testify in this case?
>
> DEFENDANT PISCIOTTA: Yes.
>
> THE COURT: And do you understand that this may be your only and last opportunity to tell the jury your side of the story personally? You understand that?
>
> DEFENDANT PISCIOTTA: I do.
>
> THE COURT: And that while this is an important decision, and I know that you've counseled with [defense counsel], I know you've probably maybe talked to your family or friends about this decision, and I hope you've considered and been thoughtful in considering this, but this is your decision and your decision alone. Do you understand that?
>
> DEFENDANT PISCIOTTA: Yes.
>
> THE COURT: That no one else can make this decision for you; you understand that?
>
> DEFENDANT PISCIOTTA: Yes.
>
> THE COURT: And today is it your decision not to testify?
>
> DEFENDANT PISCIOTTA: Yes.

Trial Tr. at 1292-93. Because the record establishes that Movant—not his attorney—made the decision not to testify, the Court rejects this claim.

### E. Sentencing and appellate counsel was not ineffective.

Movant was represented by a different attorney at sentencing and on his direct appeal. Movant alleges this attorney was ineffective for failing to file objections to the presentence investigation report ("PSR") and failing to challenge the Court's upward departure on appeal.

After listening to the testimony at the evidentiary hearing, the Court finds sentencing counsel discussed all possible objections with his client prior to filing his response to the PSR, but filed only those objections that were grounded in law and made strategic sense. Although counsel withdrew some objections at the sentencing hearing after he determined they lacked merit, this was not ineffective assistance of counsel. "It is not ineffective assistance of counsel to withdraw objections that have no support in the law." *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009). And sentencing counsel was, in fact, quite effective: The Court sustained counsel's objection to adding an enhancement to the guidelines calculation for Movant's being an organizer or a leader of the conspiracy. Counsel also convinced the Court there should not be an upward departure based on Movant's 1988 conviction.

As for Movant's claim that counsel was ineffective for failing to appeal the sentencing enhancement, the Court finds counsel considered this possibility and discussed it with his client, but declined to raise it in the appeal for strategic reasons. Counsel thought the odds of success on the departure issue were extremely low, but the odds of winning remand on the double jeopardy question were good. Counsel was concerned that by appealing the upward departure, he would be putting Movant's criminal history before the appellate judges, which might prejudice Movant's chances of prevailing on the double jeopardy question. Because this was a strategic decision made after thoroughly investigating the law and the facts relevant to Movant's

plausible options, there was no ineffective assistance of counsel. *See Strickland*, 466 U.S. at 690.

## II. The Court declines to issue a certificate of appealability.

Finally, the Court holds no reasonable jurist would grant this motion. Accordingly, the Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

## Conclusion

For the reasons discussed above, the motion (Doc. 1) is DENIED, and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   September 12, 2016                    /s/ Greg Kays
                                                          GREG KAYS, CHIEF JUDGE
                                                          UNITED STATES DISTRICT COURT

8
Case 4:15-cv-01030-DGK   Document 27   Filed 09/12/16   Page 8 of 8